IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Roosevelt Simmons, | ) | Civil Action No. 2:18-3290-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Ruth Cupp, Esq.; Charles Huston, Esq.; | ) | |
| Arthur McFarland, Esq.; John F. Martin, | ) | |
| Esq.; Franklin O. Smith; Bruce A. | ) | |
| Berlinsky, Esq.; Joseph Mendelsohn; Mark | ) | |
| Goldberg; Edward Batterly, Esq. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 11) recommending the Court dismiss Plaintiff's Complaint without prejudice. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses Plaintiff's Complaint without prejudice.

I. **Background**

Plaintiff is a *pro se* litigant who appears to bring a claim for violation of his constitutional rights pursuant to 42 U.S.C. § 1983 against attorneys who represented him or other parties in a lawsuit against him in the Charleston County Court of Common Pleas to quiet title land on John's Island and in an action brought by Plaintiff in that court to relitigate the quiet title action. After the Court granted Plaintiff an extension of time to object to the R & R, Plaintiff filed a 156-page objection comprised of various state court filings, docket entries and real property deeds. (Dkt. No. 16.)

1

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where there are no objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

After careful review of the R & R and Plaintiff's lengthy objections thereto, the Court finds that the Magistrate Judge correctly concluded that the Complaint must be dismissed.

Plaintiff allegations violation of his Fifth and Fourteenth Amendment rights and invokes the district court's jurisdiction on the basis of federal question. Because Plaintiff is a *pro se* litigant his pleading is afforded an appropriately liberal construction. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). To assert a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a right secured by the federal constitution or laws was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendants appear to be lawyers or litigants in the two state court proceedings. A private individual may act under the color of state law if he or she was "a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Plaintiff alleges that Defendants deprived him of his real property as it relates to the state court lawsuits. But, as the Magistrate Judge noted, the Complaint does not

allege that Defendants acted in anything other than private conduct. Regarding Defendant Mendelsohn, who could be considered a state actor as the special referee in the first state court quiet title action, he is protected from Plaintiff's claim by absolute quasi-judicial immunity applicable to court support personnel. *See, e.g.*, *Parker v. Spencer*, No. 4:13-430-MGL-KDW, 2015 WL 3870277, at *4 (D.S.C. June 23, 2015). As a result, Plaintiff's claims for violation of his constitutional rights are subject to dismissal.

With the federal question claim subject to dismissal, the Court has no basis to retain jurisdiction over this matter. For instance, Plaintiff alleges injuries as a result of "gross negligence." (Dkt. No. 1-1 at 5.) To the extent Plaintiff brings a state law tort claim, the Court declines to exercise supplemental jurisdiction over it. *See* 28 U.S.C. § 1367 (district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction"); *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 553 n.4 (4th Cir. 2006) ("Once a district court has dismissed the federal claims in an action, it maintains wide discretion to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction.") (internal quotation marks omitted).

Nor could the Court retain diversity jurisdiction over this matter pursuant 28 U.S.C. § 1332 because Plaintiff alleges that he and some or all of Defendants are citizens of South Carolina. (Dkt. No. 1 at 3-4.) Last, to the extent Plaintiff brings suit to seek the Court's review of the quiet title claim lawsuits, the Court lacks authority to review final determinations of state or local courts.

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

III.   **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 11) as the Order of the Court. Plaintiff's Complaint is **DISMISED WITHOUT PREJUDICE** and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March ___, 2019
Charleston, South Carolina